

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 3 2016

JAMES W. McCORMACK, CLERK
By _____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS WESTERN DIVISION

**DANIEL R. ADAMS**                                          **PLAINTIFF**

**v.**                Case No. 4:16CV508-KGB

**NCEP, LLC, LORI WITHROW,**          This case assigned to District Judge __Baker__
**Individually and d/b/a ALLEN & WITHROW,**   and to Magistrate Judge __Volpe__
**ATTORNEYS AT LAW and d/b/a LAW**
**OFFICES OF ALLEN & WITHROW and**
**John Does 1-10**                                          **DEFENDANTS**

---

## PLAINTIFF's VERIFIED COMPLAINT

---

Comes now the Plaintiff Daniel R. Adams, through his attorneys CROWDER

MCGAHA, LLP, and for his Verified Complaint against Defendants, states:

1.      Defendants sued Plaintiff on an auto debt barred by the statute of

limitations. To support their suit, Defendants attached a doctored retail installment

contract. This violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

*et seq.* (FDCPA), the Arkansas Fair Debt Collection Practices Act,

Ark. Code Ann. § 17-24-501, *et seq.* (AFDCPA) and the Arkansas Deceptive Trade

Practices Act, Ark. Code Ann. § 4-88-101, *et. seq.* (ADTPA).

## PARTIES, JURISDICTION & VENUE

2.     Daniel R. Adams is an individual who resides in White County, Arkansas, a "consumer" under 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2), and a "person" under Ark. Code Ann. § 4-88-102(6).

3.     NCEP, LLC ("NCEP") is a Nevada Limited Liability Company, with a principal office of 2877 Paradise Road, #303, Las Vegas, NV 89109-5239. NCEP is a "debt collector" under 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5) and a "person" under Ark. Code Ann. § 4-88-102(6). NCEP is licensed with the Arkansas State Board of Collection Agencies. NCEP can be served by process through its registered agent: The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201-3717.

4.     Defendant Lori Withrow[1] is an individual citizen and resident of Arkansas, admitted to practice law in Arkansas, and who represents debt collectors under 14 U.S.C. § 1692e. Ms. Withrow does business as ALLEN & WITHROW, ATTORNEYS AT LAW and d/b/a LAW OFFICES OF ALLEN & WITHROW with her principal place of business at 12410 Cantrell Road, Suite 100, Little Rock, AR 72223-1703.

---

[1]     Ms. Withrow is referred to in this Complaint as "ALLEN & WITHROW."

5.     John Does 1-10 are persons/entities whose identity is unknown to Plaintiff and Plaintiff's attorney who may have liability for the causes of action. An affidavit of same from Plaintiff's attorney is attached hereto as Exhibit No. 1 and incorporated by reference under Ark. Code Ann. § 16-56-125(c).

6.     The employees of NCEP or ALLEN & WITHROW, their subsidiaries, affiliates and other related entities, were the agents, servants and employees of NCEP or ALLEN & WITHROW, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Whenever reference in this complaint is made to any act or transaction of NCEP or ALLEN & WITHROW, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of NCEP or ALLEN & WITHROW committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of NCEP or ALLEN & WITHROW while actively engaged in the scope of their duties.

7.     This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367.

8.     Venue is proper in this District and Division because the acts and transactions occurred here, Plaintiff resides in White County, and Defendants transact business here.

## FACTS

9.    In April 2006, Mr. Adams purchased a new 2006 Nissan Sentra with the VIN "3N1CB51D86L544556" (the "Vehicle") from North Little Rock Nissan.

10.   Mr. Adams financed the purchase of the Vehicle through Nissan Motor Acceptance Corporation.

11.   On April 27, 2006, Mr. Adams registered the Vehicle with the Arkansas Department of Finance and Administration (DFA), Motor Vehicles Division. When the Vehicle was registered, the DFA filed Mr. Adams's *Simple Interest Retail Installment Contract. See* Exhibit No. 2, *Simple Interest Retail Installment Contract.*

12.   In early 2010, Mr. Adams fell behind on his Vehicle payments. He voluntarily surrendered the Vehicle in June 2010, and his account with Nissan Motor Acceptance Corporation was closed. He made no further payments on the Vehicle after he voluntarily surrendered it.

13.   On December 15, 2015, Mr. Adams was sued by NCEP in the District Court of Lonoke County, Arkansas. *See* Exhibit No. 3, *NCEP v. Daniel Adams,* District Court of Lonoke County, Carlisle Division, Case No. CRCV-15-7 (the "State Court Action.").

14.     The complaint in the State Court Action alleged:

A.     NCEP was the successor in interest to Nissan Motor
Acceptance Corporation. *See* Compl. ¶ 1.

B.     Mr. Adams executed a Vehicle Retail Installment Contract
which was attached and incorporated as Exhibit A. *See*
Compl. ¶ 3.

C.     The Vehicle Retail Installment Contract was sold,
transferred and assigned to NCEP. *See* Compl. ¶ 4.

D.     The Vehicle was repossessed and sold, and Mr. Adams
owed NCEP $3,966.62, as evidenced by an Affidavit of
Katresha Hughley, Assistant Vice President of NCEP,
LLC. *See* Compl. ¶¶ 5-6.

15.     The "*Simple Interest Retail Installment Contract*," attached as Exhibit A

to the State Court Action has the Watermark "*Customer Copy*." *See* Exhibit No. 4,

Exhibit "A" to NCEP's Complaint in the State Court Action.

16.     The Retail Installment Contracts attached to the State Court Action

and on file with the Arkansas Department of Finance and Administration have

material differences:

Simple Interest Retail Installment Contract on file with DFA, Ex. No. 2.



Simple Interest Retail Installment attached as Exhibit A to NCEP's State Court
Complaint, Ex. No. 4.

17.     Further, Defendants filed the State Court Action past the four-year statute of limitations for sales contracts. *See* Ark. Code Ann. § 4-2-725(1)(2016). *See also* Exhibit No. 5, NCEP's Responses to Defendants Requests for Admission.

18.     Plaintiff's father is Daniel L. Adams. Defendants sent a process server to Plaintiff's mother and father's house several times. After Defendants attempted to serve Plaintiff at his parent's house, Plaintiff filed a motion to dismiss the State Court Action for insufficient service of process. In his motion to dismiss, Plaintiff explained in a sworn statement that he does not live at his parent's address.

19.     After Plaintiff explained he did not live at his parent's address, the Defendants again sent a process server to his parent's house. The process server made her way inside and confronted Plaintiff's father. She told Plaintiff's father that she was not leaving and (after Plaintiff's father threatened to call the police) she threw a copy of the State Court Complaint and summons on the floor and stormed out. When Plaintiff learned of this, he felt ashamed, angry and confused.

20.     The State Court Action has also caused Plaintiff to worry about whether his employer will learn of the case and what they might do. Plaintiff has custody of his two minor children. The State Court Action has caused Mr. Adams to miss time with his children.

## CAUSES OF ACTION

### *VIOLATIONS OF FEDERAL AND STATE STATUTES*

#### COUNT I
#### VIOLATIONS OF THE FDCPA
#### (Against All Defendants)

21.    Plaintiff incorporates by reference all paragraphs as if fully set forth.

22.    The foregoing acts and omissions of every Defendant constitute

numerous violations of the FDCPA including:

**A.**    **15 U.S.C. § 1692d:** Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

**B.**    **15 U.S.C. § 1692e:** Any other false, deceptive or misleading representations or means in connection with debt collection.

**C.**    **15 U.S.C. §1692e(2):** Mispresenting the character, amount, or legal status of alleged debt.

**D.**    **15 U.S.C. §1692(e)(5):** Threatening to take any action that cannot legally be taken.

**E.**    **15 U.S.C. §1692(e)(10):** Making any false representation or deceptive means to collect a debt.

**F.**    **15 U.S.C. § 1692f:** Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

**G.**    **15 U.S.C. § 1692f(1):** Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

23.     Because of each and every Defendant's violations of the FDCPA,

Plaintiff has suffered out-of-pocket expenses and is entitled to actual damages under

15 U.S.C. § 1692k(a)(1); statutory damages up to \$1,000.00 under

15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under

15 U.S.C. § 1692k(a)(3) from each and every Defendant.

24.     Defendants' conduct has caused Plaintiff to suffer emotional distress,

mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration,

injury to his credit rating and credit reputation, and lost time and expense.

## COUNT II
## VIOLATIONS OF THE AFDCPA
### (Against All Defendants)

25.     Plaintiff incorporates by reference all paragraphs as if fully set forth.

26.     The foregoing acts and omissions of Defendants constitute numerous

violations of the AFCPA including:

> A.     **Ark. Code Ann. § 17-24-505(a):** Engaging in any conduct
> the natural consequence of which is to harass, oppress, or abuse
> any person.

> B.     **Ark. Code Ann. § 17-24-506(a):** Any other false,
> deceptive or misleading representation or means in connection
> with debt collection.

> C.     **Ark. Code Ann. § 17-24-506(b)(2):** Misrepresenting the
> character, amount, or legal status of alleged debt

D. **Ark. Code Ann. § 17-24-506(b)(5)**: Threatening to take any action that cannot legally be taken.

E. **Ark. Code Ann. § 17-24-506(b)(10)**: Making any false representation or deceptive means to collect a debt.

F. **Ark. Code Ann. § 17-24-507(a)**: Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

G. **Ark. Code Ann. § 17-24-507(b)(1)**: Attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

27. Because of Defendants' violations of the AFDCPA, Plaintiff has suffered out-of-pocket expenses and is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(l); statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A) from Defendants.

28. Defendants' conduct has caused Plaintiff to suffer emotional distress, mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration, injury to his credit rating and credit reputation, and lost time and expense.

## COUNT III
## VIOLATIONS OF THE ADTPA
### (Against NCEP only)

29. Plaintiff incorporates by reference all paragraphs as if fully set forth.

30.     The ADTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which is liberally construed in favor of consumers.

31.     NCEP's practices violate the following sections of the ADTPA:

    A.     Knowingly making a false representation as to the characteristics of services. Ark. Code Ann. § 4-88- 107(a)(l).

    B.     Knowingly taking advantage of a consumer reasonably unable to protect his interest because of ignorance or inability to understand the language of the agreement. Ark. Code Ann. § 4-88-107(a)(8).

    C.     Engaging in any unconscionable, false, and deceptive acts or practices in business, commerce or trade. Ark. Code Ann. § 4-88-107(a)(10).

32.     NCEP's conduct also violates Ark. Code Ann. §4-88-108 by suppressing material facts, and using deception or false pretenses.

33.     NCEP's conduct was willful and wanton and has caused Mr. Adams to suffer actual damages and injury in an amount to be determined at trial.

## REQUEST FOR JURY TRIAL

34.     Mr. Adams demands a trial by a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Adams demands judgment against the Defendants for:

A.     Actual and compensatory damages;

B.     Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A);

C.     Reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3);

D.     Such other further relief as the Court may deem just and proper.

Date: July 13, 2016

Respectfully submitted,

Will Crowder
Ark. Bar No. 2003138
Corey D. McGaha
Ark. Bar No. 2003047
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax:    (501) 367-8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

**Attorneys for Plaintiff Daniel Adams**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ARKANSAS )
) ss
COUNTY OF PULASKI )

Daniel Adams, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonably inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal or existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.

7. I have not altered, changed, modified or fabricated the attached exhibits, except some of the attached exhibits may contain some of my own handwritten notations.

Daniel Adams

Subscribed and sworn to before me
This 13ᵗʰ day of July, 2016.

Notary Public

LAURIE PERRY
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires March 03, 2019
Commission No. 12370174

EXHIBIT NO. 1 –

Affidavit of William T. Crowder

---

*Daniel Adams v. NCEP, LLC, et al.*
U.S. District Court, Eastern District of Arkansas

Plaintiff's Verified Complaint

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**DANIEL ADAMS**                                                                   **PLAINTIFF**

v.                                  **Case No. _____**

**NCEP, LLC, LORI WITHROW, Individually and
d/b/a ALLEN & WITHROW, ATTORNEYS AT LAW
and d/b/a LAW OFFICES OF ALLEN & WITHROW and
John Does 1-10**                                                                   **DEFENDANTS**

---

## AFFIDAVIT

---

I, William T. Crowder, duly licensed attorney practicing with CROWDER MCGAHA, LLP, being duly sworn, state upon oath:

1.    That I am an attorney for the Plaintiff.

2.    That the identifies of the persons or entities named as Defendants John Does 1-10 are unknown to the Plaintiff and Plaintiff's Attorney.

3.    This Affidavit is intended to comply with the requirement of Ark. Code Ann. § 16-56-125(c) that an Affidavit be filed with Plaintiff's Complaint when the identity of a tortfeasor or tortfeasors is unknown.

AFFIANT FURTHER SAITH NOT.

_____
Will T. Crowder, Ark. Bar. No. 2003-138

STATE OF ARKANSAS    )
                                        )
COUNTY OF PULASKI     )
SUBSCRIBED AND SWORN TO before me this _13th_ day of July, 2016.

_____
Notary Public

> **LAURIE PERRY**
> PULASKI COUNTY
> NOTARY PUBLIC - ARKANSAS
> My Commission Expires March 03, 2019
> Commission No. 12270174

Page 1 of 1

**EXHIBIT NO. 2 –**

Simple Interest Retail Installment Contract

*Daniel Adams v. NCEP, LLC, et al.*
U.S. District Court, Eastern District of Arkansas

Plaintiff's Verified Complaint



081232166400

| | REGISTRATION FEE | REPLACEMENT FEE |
|---|---|---|
| | 17.00 | |
| | CREDIT | TRANSFER FEE |
| | ADDITIONAL FEES | TITLE FEE |
| | | 5.00 |
| | PRO RATED FEES | LIEN FEE |
| | | .50 |
| | SPECIAL FEE (1) | PENALTY |
| | SPECIAL FEE (2) | POSTAGE |
| | | .25 |
| | SPECIAL FEE (3) | TOTAL REG FEES |
| | 2.50 | 25.25 |

**STATE OF ARKANSAS**
**DEPARTMENT OF FINANCE AND ADMINISTRATION**
**APPLICATION FOR TITLE NUMBER**    43010601958

DANIEL        ADAMS
709 EAST 2ND STREET
CARLILSE        AR 72024

| LICENSE PLATE NO | LICENSE TYPE/USE | DECAL NUMBER | EXPIRATION DATE | VEHICLE IDENTIFICATION NUMBER | | |
|---|---|---|---|---|---|---|
| 300KLM | PCLP-PC | 8106737 | 04-30-2007 | 3N1CB51086L544556 | | |
| YEAR | MAKE | BODY | BODY | COLOR | FUEL | CYL | UNLADEN WEIGHT | AXLES | TITLE NUMBER |
| 2006 | NISS | SEN | 4D | RED | | 0  4 | 2546 | | PENDING |

OWNERS COUNTY =   LONOKE

OWNERS SIGNATURE

(OWNERS)
ADAMS        DANIEL
709 EAST 2ND STREET
CARLILSE        AR 72024

(TITLE BRANDS)

(ODOMETER READING)
66
OD ACTUAL

(SAFETY INSPECTION)

(PURCHASED)
NEW FROM AR DEALER   F250

(PREVIOUS TITLE NO)
N80

(TITLE PRINT STATUS)
PRT FROM BATCH

VEH PURCH PRICE
20098.00
PLUS EXT WARR
1599.00
LESS TRADE IN

TAXABLE PRICE
21697.00
STATE TAX

STATE TAX PENALTY

| | | |
|---|---|---|
| LOCAL TAX(1) | | |
| 43-00 | 29.00 | |
| LOCAL TAX(2) | | |
| 43-04 | 31.25 | |
| LOCAL TAX(3) | | |
| LOCAL TAX(4) | | |
| LOCAL TAX PENALTY | | |
| TOTAL TAXES | | |
| 1358.07 | | |
| TOTAL REG FEES | | |
| 25.25 | | |
| TOTAL PAID | | |
| 1383.32 | | |

(LIENHOLDERS)
NISSAN MOTOR ACCEPTANCE CORP
P O BOX 254648
SACRAMENTO        CA 95865
08/14/2006

(VEHICLE MAILING ADDRESS)

(TITLE MAILING ADDRESS)

**TITLE AND REGISTRATION**

APRIL    27, 2006
11:30:33:8912 A.M.

LONOKE        43-01
REBA CUMMINGS
105 JEFFERSON
(501)676-2407   RJXRCUMM
2006-04-27



EXHIBIT NO. 3 –

Complaint, *NCEP v. Daniel Adams*, District Court of Lonoke County, Carlisle
Division, Case No. CRCV-15-7

---

*Daniel Adams v. NCEP, LLC, et al.*
U.S. District Court, Eastern District of Arkansas

Plaintiff's Verified Complaint

## IN THE DISTRICT COURT OF LONOKE COUNTY, ARKANSAS
## CARLISLE DIVISION

NCEP, LLC                                                                    **PLAINTIFF**

V.                                          **CASE NO.**

**DANIEL ADAMS**                                                             **DEFENDANT**

### COMPLAINT

Comes the Plaintiff, by and through counsel, and for its cause of action against the Defendant, alleges and states:

1.    That the Plaintiff is a financial institution authorized to do business in the state of Arkansas, and is the successor in interest to NISSAN.

2.    That the Defendant is a resident of Lonoke, Arkansas, and jurisdiction and venue are proper in this Court.

3.    That Defendant executed a Vehicle Retail Installment Contract ("Agreement"). A copy of said Agreement is attached hereto and incorporated herein by reference as if set out word for word. Please see attached, Exhibit "A".

4.    That the contract was subsequently sold, transferred and assigned to Plaintiff.

5.    That Defendant defaulted on the Agreement by failing to make installment payments when due, resulting in the repossession of said vehicle. The vehicle was subsequently sold.

6.    That as a direct and proximate result of Defendant's breach of the agreement, PLaintiff has suffered damages in the amount of $3,966.62, as evidenced by the Affidavit of Account which is attached hereto.

7.    That demand has been made for the payemnt of same, yet the balance remains upaid.

        WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $3,966.62, for all costs herein paid and expended, pre-judgment interest from the date received of August 21, 2014, post-judgment interest at the contract rate, a reasonable attorney's fee, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

Lori Withrow (98069)
Colton Gregory (2013181)
Gary J Barrett (2000071)

DEC 15 2015

By

14-02712

STATE OF **Georgia** )
                     ) ss.
COUNTY OF **Gwinnett** )

**Daniel Adams**

12572478
$3,966.62

### AFFIDAVIT OF ACCOUNT

Before me, the undersigned authority, personally appeared _____Katresha Hughley_____,
who, being by me duly sworn, depose as follows:

1. My full name is _____Katresha Hughley_____.

2. As a _____**Assistant Vice President**_____, I am an authorized agent of
   NCEP, LLC, and I or a person under my supervision has access to the records concerning
   the account of Daniel Adams, the Defendant. I am familiar with the books and records of
   NCEP, LLC and with the Defendant's account.

3. I hereby aver that this claim is true and correct to the best of my knowledge, information
   and belief, and is due by the Defendant to the Plaintiff and that all just and lawful offsets,
   payments and credits to this account have been allowed.

4. These records show that a total balance of $3,966.62, including interest accrued at the rate
   of 0% after charge off unless and until pre-judgment or post judgment interest is awarded
   by the court, in accordance with the terms and conditions of the agreement, is due and
   payable by Defendant to Plaintiff, assignee of NISSAN.

Further Affiant sayeth not.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this

___ day of ___Nov.___, 20 1 5

_____
Notary Public

My Commission Expires:_____

Miriam Torres
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Comm. Expires
04/09/2017

14-02712
affidef.frm




FILED
DEC 15 2015
By_____



Page 1

**NISSAN MOTOR ACCEPTANCE CORPORATION**

**SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT - ARKANSAS**

| BUYER'S NAME  DANIEL ADAMS | DATE OF CONTRACT 04/18/2006 | CONTRACT NO.  009649868 | |
|---|---|---|---|
| BUYER'S RESIDENCE OR PLACE OF BUSINESS<br>700 E 2ND ST, CARLISLE, AR | N/A | COUNTY | ZIP CODE<br>72024 |
| CO-BUYER'S NAME AND ADDRESS | N/A | COUNTY | ZIP CODE |

In this contract the words "we", "us" and "our" refer to the creditor (Seller) named below and, after an assignment of this contract, will refer to the assignee of the contract. The words "you" and "your" refer to the buyer and co-buyer, if any, named herein. The Seller intends to sell this contract to Nissan Motor Acceptance Corporation ("NMAC").

Seller sells you the vehicle described below on credit. The estimated credit price is shown below as the "Total Sale Price". The "Cash Price" is also shown below. By signing this contract, you choose to buy the "vehicle" on credit and agree to pay us the Amount Financed and other charges according to the terms and agreements shown in this contract. If this contract is signed by a buyer and co-buyer, each is individually and together responsible for all agreements in the contract.

| YEAR<br>2006 | TYPE<br>New | MAKE TRADE NAME<br>NISSAN | CYL.<br>N/A | BODY STYLE<br>4 DHAR | MODEL<br>SENTRA | ODOMETER READING<br>85 |
|---|---|---|---|---|---|---|
| ID NUMBER<br>3N1CB51D46L465450 | | KEY CODE<br>N/A | | OTHER<br>N/A | | COLOR<br>RED |

| ☐ AIR CONDITIONING | ☐ SUN ROOF | ☐ ALARM | ☐ STEREO TAPE | ☐ CD PLAYER | ☐ BUMPER | ☐ LEATHER INTERIOR |
|---|---|---|---|---|---|---|

| YR:<br>N/A | MAKE:<br>N/A | TRADE-IN DESCRIPTION<br>MODEL: | ☐ ONE FOR FAMILY PURCHASE<br>☐ PERSONAL, FAMILY OR HOUSEHOLD<br>☐ BUSINESS OR COMMERCIAL ___ ☐ AGRICULTURAL |
|---|---|---|---|

**DISCLOSURES PURSUANT TO TRUTH-IN-LENDING ACT**

| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate.) | 10.75 % |
|---|---|
| FINANCE CHARGE (The dollar amount the credit will cost you.) | $ 5,905.40 |
| Amount Financed (The amount of credit provided to you or on your behalf.) | $ 19,498.00 |
| Total of Payments (The amount you will have paid after you have made all payments as scheduled.) | $ 25,403.40 |
| Total Sale Price (The total price of your purchase on credit, including your downpayment of $ 2,500.00         .) | $ 27,903.40 |

**Payment Schedule.** Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | PAYMENTS ARE DUE | |
|---|---|---|---|
| One Payment of | $ N/A | On  N/A | |
| 60   Payments of | $ 423.39 | Monthly, Beginning   05/29/2006 | |
| One Final Payment of | $ N/A | On  N/A | |

**SECURITY INTEREST:** You are giving a security interest in the vehicle being purchased.
**LATE CHARGE:** If payment is late, you will be charged ___.
**PREPAYMENT:** If you pay off in full early, you will not have to pay a penalty.  See additional provisions in this contract about nonpayment, default, any required repayment in full before the scheduled date and security interests.

**ITEMIZATION OF THE AMOUNT FINANCED**

| | | |
|---|---|---|
| 1. Cash Price (incl. Acs.) | $ 18,700.00 | (1) |
| 2. N/A | $ N/A | (2) |
| 3. DOC FEE | $ 198.00 | (3) |
| 4. Documentary Fee | $ N/A | (4) |
| A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO THE CLOSING OF A SALE. THIS NOTICE IS REQUIRED BY LAW. | | |
| 5. N/A | $ N/A | (5) |
| 6. N/A | $ N/A | (6) |
| 7. Subtotal (1+2+3+4+5+6) | $ 18,898.00 | (7) |
| 8. Downpayment | | |
|    A. Trade-In (Gross Value) | $ N/A | (A) |
|    B. Less Trade-In Payoff paid to N/A | $ N/A | (B) |
|    C. Net trade-in allowance (A-B) | $ N/A | (C) |
|    D. Cash Downpayment at Closing | $ N/A | (D) |
|    E. Mfr's Rebate (if any) | $ 2,500.00 | (E) |
|    F. Deferred Downpayment Due | $ 0.00 | (F) |
|    G. Total Cash Downpayment (D+E+F) | $ 2,500.00 | (G) |
|    Total Downpayment (C+G) | $ 2,500.00 | (8) |
| 9. Balance Owed To Seller For Above Goods and Services (7-8) | $ 17,398.00 | (9) |
| 10. Amounts paid to others on your behalf: | | |
|    Paid to Public Officials: | | |
|    A. License | $ N/A | (A) |
|    B. Registration | $ 1.00 | (B) |
|    C. Certificate of Title | $ N/A | (C) |
|    D. Sales Tax | $ N/A | (D) |
|    E. Other Taxes | $ N/A | (E) |
|    F. N/A | $ N/A | (F) |

This is the Authorized Copy.
EXHIBIT

Page 2

Paid to Ins. Cos. per Statement at Ins. (Seller may retain or receive a portion of these amounts):

G. **Total Vehicle Insurance** ............................................................... $ N/A      (G)
H. **Total Credit Insurance** ............................................................... $ N/A      (H)
I. GAP ............................................................................................. $ 500.00   (I)

Other (Seller may retain or receive a portion of these amounts):

| | | | | |
|---|---|---|---|---|
| J. Paid to N/A | for | PRIOR CREDIT/LSE BAL. | $ N/A | (J) |
| K. Paid to N/A | for | N/A | $ N/A | (K) |
| L. Paid to SECURITY PLUS | for | EXT. WARRANTY/SERVICE | $ 1,599.00 | (L) |
| M. Paid to N/A | for | N/A | $ N/A | (M) |

Total Other Charges (10A+B+C+D+E+F+G+H+I+J+K+L+M) .................... $ 2,100.00   (10)

11. **AMOUNT FINANCED (9+10)** ........................................................ $ 19,465.00  (11)

Seller may assign this contract and may retain or receive a portion of the Finance Charge.

No Service Contract or Maintenance Contract is required to purchase or obtain financing for a motor vehicle. These are options which are fully detailed in the contracts or certificates describing them. Please read these documents before signing this contract. If you elect either of these items by signing below, the cost is included in the Amount Financed under this contract. Seller may retain or receive a portion of these amounts.

| | | | | | | |
|---|---|---|---|---|---|---|
| Service Contract: | $ 69.00 | Deductible; | Term 60 mos. | Cost | $ 1,599.00 |
| Maintenance Contract: | $ N/A | Deductible; | Term N/A mos. | Cost | $ N/A |

[X] Buyer and Co-Buyer want a Service Contract.

[ ] Buyer and Co-Buyer want a Maintenance Contract.

_____ Buyer _____                                   _____ Co-Buyer _____

## STATEMENT OF INSURANCE

You have the option to obtain the required coverages, and any optional coverages you desire, from a person of your choice and through any insurance company authorized to transact business in Arkansas, or through existing policies owned or controlled by you.

**VEHICLE INSURANCE**

**Required Coverages**

You are required to maintain insurance on the vehicle for at least collision ($ N/A deductible) and comprehensive ($ N/A deductible), or equivalent coverages, until you pay off this contract.

If you elect to obtain the required coverages from Seller, the coverages are written by N/A (name of company) and the premium and term are as follows:

| Coverage | Term | Premium | Coverage | Term | Premium |
|---|---|---|---|---|---|
| $ N/A | N/A mos. | $ N/A | $ N/A | N/A mos. | $ N/A |
| deductible comprehensive | | | deductible collision | | |

**Optional Coverages**

These coverages are optional and are not required by Seller. If obtained through Seller, the premium and term are as follows:

| Coverage | Limits | Term | Premium |
|---|---|---|---|
| Liability: | | | |
| Bodily Injury | N/A | N/A mos. | $N/A |
| Property Damage | N/A | N/A mos. | $ N/A |

(See policy or certificate of insurance for description of terms, conditions and deductibles.)

TOTAL VEHICLE INSURANCE PREMIUMS: $ N/A          10G*

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT UNLESS CHARGES FOR IT ARE SHOWN ABOVE. BY SIGNING THIS CONTRACT WITH THE ABOVE VEHICLE INSURANCE PREMIUMS IN IT, YOU VOLUNTARILY ELECT TO INCLUDE THOSE PREMIUMS IN THE AMOUNT FINANCED.

**CREDIT INSURANCE**

Credit Life Insurance and Credit Disability Insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. These coverages are available from N/A (name of company) of N/A (home address) for the premium shown below.

| Type | Term | Premium | Type | Term | Premium |
|---|---|---|---|---|---|
| Credit Life | N/A mos. | $N/A | Credit Disability | N/A mos. | $ N/A |
| Joint Credit Life | N/A mos. | $N/A | Joint Credit Disability | N/A mos. | $ N/A |

TOTAL CREDIT INSURANCE PREMIUMS: $ N/A          10H**

**(CREDIT INSURANCE)**

If you purchase Credit Disability Insurance, it will pay the payments as originally scheduled up to a maximum of $ N/A per month while the named insured is disabled as defined in the policy, subject to the maximum disability period and up to a maximum amount of $ N/A . If you have purchased Credit Life Insurance, it will pay the balance that would be owing if all payments as originally scheduled have been timely made as of the death of the named insured and the cause of death is not excluded, up to a maximum of $ N/A . The policies or certificates issued by the company will more fully describe all the terms and conditions.

I want: [ ] Credit Life (on Buyer's Life only)                    [ ] Credit Disability (on Buyer only)

[ ] Joint Credit Life (on Buyer's and Co-Buyer's Lives)         [ ] Joint Credit Disability (on Buyer and Co-Buyer)

_____ SIGNATURE _____                                 _____ SIGNATURE _____

### Guaranteed Auto Protection ("GAP") Agreement (Optional)

This GAP Agreement, or debt cancellation agreement, is not required to obtain credit and will not be provided unless you sign and agree to pay the cost indicated below.

This GAP Agreement is available from JM&A GAP (name of provider) of PO BOX 9410 DEERFIELD BEACH FL (provider's address) for the amount shown below. The contract or certificate issued by the provider will more fully describe all the terms and conditions of this GAP Agreement.

Term 60 months      Cost $ 500.00

Buyer and Co-Buyer want this GAP Agreement.   _____

_____ Buyer _____                                   _____ Co-Buyer _____

This is not the Authorized Users Copy.

Customer Copy

Page 2

NOTICE: THE FOLLOWING APPLIES TO THE SALE OF A USED VEHICLE ONLY. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

AVISO: LO SIGUIENTE APLICA A LA VENTA DE UN VEHÍCULO USADO UNICAMENTE. LA INFORMACIÓN QUE USTED VE EN EL FORMULARIO DE LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA SUPEDITA CUALESQUIERA DISPOSICIONES CONTRARIAS EN EL CONTRATO DE VENTA.

Signature DIRECTPAY AUTHORIZATION AGREEMENT (Not required. Please complete and sign if you want this option.)
You authorize and request us to initiate electronic debit entries or effect a charge by any other commercially accepted practice to your account at the financial institution (Bank) listed below, and you request and authorize the Bank to honor the debit entries initiated by us and debit each account. This authorization pertains to your payments described in this contract. The authority is to remain in force and effect until the schedule of payments is completed or until Bank and we have received written notification from you of its termination in such time and manner as to allow a reasonable opportunity to act. A voided check, including Bank name, branch address, and account number, is provided by you to us in order to arrange the debits or charges.

N/A
SIGNATURE/DATE (BUYER OR CO-BUYER)        SIGNATURE/DATE (BANK ACCOUNT OWNER OR JOINT OWNER)        BANK NAME

SEE ADDITIONAL TERMS AND CONDITIONS, INCLUDING DISCLAIMER OF WARRANTIES, WHICH ARE A PART OF THIS CONTRACT.

NOTICE: THIS CONTRACT CONTAINS AN ARBITRATION CLAUSE. PLEASE SEE BELOW.

The Annual Percentage Rate May Be Negotiable With The Dealer.

NOTICE TO THE BUYER - DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY SAVE A PORTION OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT WITH NO BLANK SPACES.

Buyer
sign here

Co-Buyer
sign here

Address 709 E 2ND ST, CARLISLE, AR        Address
State        Zip        Phone 4708623845        State        Zip        Phone

Seller's Name  NORTH LITTLE ROCK NISSAN        Seller's Address  5703 LANDERS RD, N LITTLE ROCK, AR 72117
By (X)        Title  F AND I

CONSUMER PAPER

## ADDITIONAL TERMS AND AGREEMENTS

**A. PAYMENT:** You promise to pay the Amount Financed plus the Finance Charge at the Annual Percentage Rate as disclosed in this contract, in addition to the Total Downpayment, at the times and in the amounts set forth in this contract. The Finance Charge is computed as simple interest and will be calculated on a daily basis. Finance Charge will accrue on the unpaid balance of the Amount Financed at the Annual Percentage Rate shown in the disclosures until it is fully paid. Each payment that we receive will be applied first to earned Finance Charge, then to any unpaid principal, then to any other amounts you owe under the contract.

**B. SECURITY INTEREST:** You give us a security interest under Arkansas law in the vehicle and all parts and accessories which now or hereafter constitute accessions to the vehicle and in all proceeds of such vehicle and accessions.

**C. USE OF VEHICLE:** You agree to keep the vehicle free of all delinquent taxes and fines, except the security interest under this contract, and not to use the vehicle illegally, improperly, or for hire.

**D. INSURANCE:** You agree to have the vehicle insured in favor of us with a policy reasonably satisfactory to us for collision coverage, and comprehensive or fire, theft and combined additional coverage.

**E. PREPAYMENT OF FINANCE CHARGE:** You may prepay the amount owed.

**F. DEFAULT:** If you default in the performance of any of your obligations under this contract.

**G. LATE CHARGES; RETURNED FUNDS:** If you fail to make any payment on or before the date it is due, you will be charged a late charge of $10, or such other maximum amount permitted under applicable law.

**H. BUYER'S CREDIT INFORMATION:** You promise that you have given true and correct information in your application for credit.

**I. OTHER AGREEMENTS:** (1) To the extent permitted by law, you agree that if we accept monies in later than their time.

**J. IMPORTANT LIMITATIONS ON OUR RIGHTS:** Notwithstanding any contrary provisions of this contract or any other document or communication, all rights and remedies of Seller and any Holder under this contract will be construed only in accordance with all applicable laws and without breaching the peace.

This is not an Authentic Copy.

Page 5

**K. WARRANTIES: YOU AGREE THAT THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, REPRESENTATIONS, PROMISES OR STATEMENTS AS TO THE CONDITION, FITNESS OR MERCHANTABILITY OF THE VEHICLE THAT HAVE BEEN MADE BY SELLER. THE SELLER UNDERTAKES NO RESPONSIBILITY FOR THE QUALITY OF THE GOODS EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT. THE SELLER ASSUMES NO RESPONSIBILITY THAT THE GOODS WILL BE FIT FOR ANY PARTICULAR PURPOSE FOR WHICH YOU MAY BE BUYING THESE GOODS, EXCEPT AS OTHERWISE PROVIDED IN THE CONTRACT. ANY STATEMENT AS TO THE YEAR MODEL OF THE VEHICLE IS FOR IDENTIFICATION ONLY AND IS NOT A REPRESENTATION OR WARRANTY BY US. THE PRECEDING PORTIONS OF THIS SECTION K: (1) DO NOT APPLY IF SELLER MAKES ANY WRITTEN WARRANTY OR IF SELLER ENTERS INTO A SERVICE CONTRACT AT THE TIME OF SALE OR WITHIN 90 DAYS THEREAFTER, AND (2) DO NOT AFFECT ANY MANUFACTURER OR DISTRIBUTOR WARRANTY, IF ANY. IF THE VEHICLE IS A USED CAR, THIS SECTION AND THE OTHER PORTIONS OF THIS CONTRACT ARE SUBJECT TO THE NOTICE REGARDING THE WINDOW FORM IN THIS CONTRACT AND TO THE WINDOW FORM.**

L. Electronic Contracting and Signature Acknowledgment: You agree that (i) this Contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this Contract and that this Contract is legally valid and enforceable in accordance with its terms to the same extent as if you had executed this Contract using your written signature and (iii) the authoritative copy of this Contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this Contract with your electronic signature also constitutes issuance and delivery of such paper Contract, (2) your electronic signature associated with this Contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

To contact Nissan Motor Acceptance Corporation about this contract, call 1-800-456-6622.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**ARBITRATION CLAUSE - IMPORTANT - PLEASE REVIEW - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, IN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these arbitration organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the seller or the vehicle is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

**GUARANTEE**

For purposes of this Guarantee only, the words "I" and "my" refer to all Guarantors signing this Guarantee. The words "you" and "your" refer to the Seller (or to the Holder of this contract if it is assigned). The word "Buyer" includes "Co-Buyer".

I guarantee payment to you of all sums from time to time owed under the contract. If the Buyer fails to pay any money that is owed under the contract, I will pay it on demand without first requiring that you proceed against the Buyer or that you perfect or assure enforceability of the Buyer's obligation or security. I represent to you that this Guarantee is genuine, legally valid and enforceable, and to the extent allowed by law, I waive notice of its acceptance and any defaults thereunder and any other notices which may be required. I agree that I am jointly and severally liable with all other Guarantors signing the Guarantee for the performance of all of its terms. I agree to be liable even if you give the Buyer more time to pay one or more payments, compromise or release any rights against Buyer or any of the other Guarantors, or release any security. If I default under this Guarantee and you refer it to an attorney who is not the salaried employee of the Seller or Holder of this contract for collection, I will pay your attorney's fees, court costs and disbursements, to the extent permitted by law, it being understood and agreed that I hereby waive any such limitations imposed by law which I may legally waive.

I have received a completed copy of this contract and this Guarantee at the time of signing.

| Guarantor | Guarantor |
|---|---|
| Address   N/A | Address   N/A |
| (Zip) | (Zip) |
| Telephone   N/A | Telephone   N/A |
| (Area) | (Area) |

NMAC 0001-AR-E 11/05

**APPENDIX C**
Bill of Sale, Assignment and Assumption Agreement

THIS BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT is dated February 26, 2013, by and between NCEP, LLC, 2877 Paradise Road, Unit 303, Las Vegas, NV 89109 ("PURCHASER") and Nissan Motor Acceptance Corporation, 8900 Freeport Parkway, Irving, TX 75063 ("SELLER").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated February 26, 2013, between PURCHASER and SELLER (the "Agreement"), the SELLER does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to the PURCHASER, and to PURCHASER's successors and assigns, the accounts described in the Agreement and which appears in the data file named _Nu/S A.R EXPR0/S_VER_.

PURCHASER hereby assumes those liabilities and obligations of PURCHASER set forth in the Agreement.

SELLER:                     NISSAN MOTOR ACCEPTANCE CORPORATION

By:

Printed Name:               Andrew Baros

Its:                        Senior Manager, Consumer Portfolio Services

Date:


PURCHASER:                  NCEP, LLC

By:

Print Name:                 Jason E. Williams

Its:                        Manager

Date:


STATE OF  TX
COUNTY OF  Dallas        ss.

Subscribed and sworn to (or affirmed) before me on this 26th day of February, 2013, by _Andrew Saros_  SR Manager_, _of Nissan Motor Acceptance Corporation, a California corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

Signature: _Tina M. Davis_           (Seal)

11

APPENDED

(Bill of Sale, Assignment and Assumption Agreement)

THIS BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT, is dated February 26, 2013, by and between NCRP, LLC, 3577 Paradise Road, Unit 301, Las Vegas, NV 89169 ("PURCHASER") and Nissan Motor Acceptance Corporation, 8900 Freeport Parkway, Irving, TX 75063 ("SELLER").

For value received and subject to the terms and conditions of the purchase and Sale Agreement dated February 26, 2013, between PURCHASER and SELLER (the "Agreement"), the SELLER does hereby transfer, sell, assign, convey, grant, bargain, and over and deliver to the PURCHASER, and to PURCHASER'S successors and assigns, the accounts described in the Agreement and which appears in the Data File named _____.

PURCHASER hereby assumes the obligations and liabilities of PURCHASER set forth in the Agreement.

SELLER:        NISSAN MOTOR ACCEPTANCE CORPORATION

By: _____

Printed Name: _____

Title: _____
        Senior Manager, Consumer Portfolio Services

PURCHASER:     NCRP, LLC

By: _____

Printed Name: _____
        Jason T. Williams

Title: _____
        Manager

Date: _____

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

Subscribed and sworn to (or affirmed) before me on this 26th day of February, 2013, by _____, of Nissan Motor Acceptance Corporation, a California corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

_____                    _____
Signature                                    (Seal)

11

EXHIBIT NO. 4 –

Exhibit "A" to Plaintiff's Complaint, *NCEP v. Daniel Adams*, District
Court of Lonoke County, Carlisle Division, Case No. CRCV-15-7

*Daniel Adams v. NCEP, LLC, et al.*
U.S. District Court, Eastern District of Arkansas

Plaintiff's Verified Complaint

This is not the Authoritative Copy.

Page 1

**NISSAN MOTOR ACCEPTANCE CORPORATION**

**SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT - ARKANSAS**

| BUYER'S NAME  DANIEL ADAMS | DATE OF CONTRACT 04/18/2006 | CONTRACT NO. 000649888 | |
|---|---|---|---|
| BUYER'S RESIDENCE OR PLACE OF BUSINESS<br>708 E 2ND ST, CARLISLE, AR | N/A | COUNTY | ZIP CODE<br>72024 |
| CO-BUYER'S NAME AND ADDRESS | N/A | COUNTY | ZIP CODE |

In this contract the words "we", "us" and "our" refer to the creditor (Seller) named below and, after an assignment of this contract, will refer to the assignee of the contract. The words "you" and "your" refer to the buyer and co-buyer, if any, named herein. The Seller intends to sell this contract to Nissan Motor Acceptance Corporation ("NMAC").

Seller sells you the vehicle described below on credit. The estimated credit price is shown below as the "Total Sale Price". The "Cash Price" is also shown below. By signing this contract you choose to buy the "vehicle" on credit and agree to pay us the Amount Financed and other charges according to the terms and agreements in this contract. If this contract is signed by a buyer and co-buyer, each is individually and together responsible for all agreements in the contract.

| YEAR<br>2006 | TYPE<br>New | MAKE TRADE NAME<br>NISSAN | CYL.<br>N/A | BODY STYLE<br>CHAR | MODEL<br>SENTRA | ODOMETER READING<br>86 |
|---|---|---|---|---|---|---|
| | ID NUMBER<br>33N12B51064L824348 | | KEY CODE<br>N/A | | OTHER<br>N/A | COLOR<br>RED |

| ☐ AIR CONDITIONING | ☐ SUN ROOF | ☐ ALARM | ☐ STEREO TAPE | ☐ CD PLAYER | ☐ BUMPER | ☐ LEATHER INTERIOR |
|---|---|---|---|---|---|---|

| TRADE-IN DESCRIPTION | | | ONE PRIMARILY PURCHASED | | |
|---|---|---|---|---|---|
| YR:<br>N/A | MAKE:<br>N/A | MODEL:<br>N/A | ☑ PERSONAL, FAMILY OR HOUSEHOLD<br>☐ BUSINESS OR COMMERCIAL | | ☐ AGRICULTURAL |

**DISCLOSURES PURSUANT TO TRUTH-IN-LENDING ACT**

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** (The cost of your credit as a yearly rate.) | | 10.75 % |
| **FINANCE CHARGE** (The dollar amount the credit will cost you.) | | $ 5,905.40 |
| **Amount Financed** (The amount of credit provided to you or on your behalf.) | | $ 19,498.00 |
| **Total of Payments** (The amount you will have paid after you have made all payments as scheduled.) | | $ 25,403.49 |
| **Total Sale Price** (The total price of your purchase on credit, including your downpayment of $ 2,500.00 .) | | $ 27,903.49 |

**Payment Schedule.** Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | PAYMENTS ARE DUE | |
|---|---|---|---|
| One Payment of | $ N/A | On  N/A | |
| 60   Payments of | $ 423.39 | Monthly, Beginning | 05/29/2006 |
| One Final Payment of | $ N/A | On  N/A | |

**SECURITY INTEREST:** You are giving a security interest in the vehicle being purchased.

**LATE CHARGE:** If a payment is late, you will be charged _____.

**PREPAYMENT:** If you pay off in full early, you will not have to pay a penalty. See additional provisions in this contract about nonpayment, default, any required repayment in full before the scheduled date and security interests.

**ITEMIZATION OF THE AMOUNT FINANCED**

| | | | |
|---|---|---|---|
| 1. Cash Price (Incl. Acs.) | | $ 19,700.00 | (1) |
| 2. N/A | | $ N/A | (2) |
| 3. DOC FEE | | $ 199.00 | (3) |
| 4. Documentary Fee | | $ N/A | (4) |
| A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. THIS NOTICE IS REQUIRED BY LAW. | | | |
| 5. N/A | | $ N/A | (5) |
| 6. N/A | | $ N/A | (6) |
| 7. Subtotal (1+2+3+4+5+6) | | $ 19,898.00 | (7) |
| 8. Downpayment | | | |
| A. Trade-in (Gross Value) | | $ N/A | (A) |
| B. Less Trade-in Payoff paid to N/A | | $ N/A | (B) |
| C. Net trade-in allowance (A-B) | | $ N/A | (C) |
| D. Cash Downpayment at Closing | | $ N/A | (D) |
| E. Mfr's Rebate (if any) | | $ 2,500.00 | (E) |
| F. Deferred Downpayment Due | | $ 0.00 | (F) |
| G. Total Cash Downpayment (D+E+F) | | $ 2,500.00 | (G) |
| Total Downpayment (C+G) | | $ 2,500.00 | (8) |
| 9. Balance Owed To Seller For Above Goods and Services (7-8) | | $ 17,398.00 | (9) |
| 10. Amounts paid to others on your behalf: | | | |
| Paid to Public Officials: | | | |
| A. License | | $ N/A | (A) |
| B. Registration | | $ 1.00 | (B) |
| C. Certificate of Title | | $ N/A | (C) |
| D. Sales Tax | | $ N/A | (D) |
| E. Other Taxes | | $ N/A | (E) |
| F. N/A | | $ N/A | (F) |

EXHIBIT

Page 2

Paid to Ins. Cos. per Statement of Ins. (Seller may retain or receive a portion of these amounts):

| | | |
|---|---|---|
| G. *Total Vehicle Insurance | $ N/A | (G) |
| H. **Total Credit Insurance | $ N/A | (H) |
| I. GAP | $ 500.00 | (I) |

Other (Seller may retain or receive a portion of these amounts):

| | | | | |
|---|---|---|---|---|
| J. Paid to N/A | for | PRIOR CREDIT/LSE BAL | $ N/A | (J) |
| K. Paid to N/A | for | N/A | $ N/A | (K) |
| L. Paid to SECURITY PLUS | for | EXT. WARRANTY/SERVICE | $ 1,599.00 | (L) |
| M. Paid to N/A | for | N/A | $ N/A | (M) |
| Total Other Charges (10A+B+C+D+E+F+G+H+I+J+K+L+M) | | | $ 2,100.00 | (10) |

11. AMOUNT FINANCED (9+10) .......... $ 19,465.00 (11)

Seller may assign this contract and may retain or receive a portion of the Finance Charge.

No Service Contract or Maintenance Contract is required to purchase or obtain financing for a motor vehicle. These are options which are fully detailed in the contracts or certificates describing them. Please read those documents before signing this contract. If you elect either of these items by signing below, the cost is included in the Amount Financed under this contract. Seller may retain or receive a portion of these amounts.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Service Contract: | $ 69.00 | Deductible; | Term 60 | mos. | Cost | $ 1,599.00 |
| Maintenance Contract: | $ N/A | Deductible; | Term N/A | mos. | Cost | $ N/A |

[X] Buyer and Co-Buyer want a Service Contract.

[ ] Buyer and Co-Buyer want a Maintenance Contract.

_____  
Buyer

_____  
Co-Buyer

## STATEMENT OF INSURANCE

You have the option to obtain the required coverages, and any optional coverages you desire, from a person of your choice and through any insurance company authorized to transact business in Arkansas, or through existing policies owned or controlled by you.

### VEHICLE INSURANCE

**Required Coverages**

You are required to maintain insurance on the vehicle for at least collision ($ N/A deductible) and comprehensive ($ N/A deductible), or equivalent coverages, until you pay off this contract.

If you elect to obtain the required coverages from Seller, the coverages are written by N/A (name of company) and the premium and term are as follows:

| Coverage | Term | Premium | Coverage | Term | Premium |
|---|---|---|---|---|---|
| $ N/A | N/A mos. | $ N/A | $ N/A | N/A mos. | $ N/A |
| deductible comprehensive | | | deductible collision | | |

**Optional Coverages**

These coverages are optional and are not required by Seller. If obtained through Seller, the premium and term are as follows:

| Coverage | Limits | Term | Premium |
|---|---|---|---|
| Liability: | | | |
| Bodily Injury | N/A | N/A mos. | $ N/A |
| Property Damage | N/A | N/A mos. | $ N/A |

(See policy or certificate of insurance for description of terms, conditions and deductible.)

TOTAL VEHICLE INSURANCE PREMIUMS: $ N/A          10G*

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT UNLESS CHARGES FOR IT ARE SHOWN ABOVE. BY SIGNING THIS CONTRACT WITH THE ABOVE VEHICLE INSURANCE PREMIUMS IN IT, YOU VOLUNTARILY ELECT TO INCLUDE THOSE PREMIUMS IN THE AMOUNT FINANCED.

### CREDIT INSURANCE

Credit Life Insurance and Credit Disability Insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. These coverages are available from N/A (name of company) of N/A (home address) for the premium shown below.

| Type | Term | Premium | Type | Term | Premium |
|---|---|---|---|---|---|
| Credit Life | N/A mos. | $ N/A | Credit Disability | N/A mos. | $ N/A |
| Joint Credit Life | N/A mos. | $ N/A | Joint Credit Disability | N/A mos. | $ N/A |

TOTAL CREDIT INSURANCE PREMIUMS: $ N/A          10H**

(CREDIT INSURANCE)

If you purchase Credit Disability Insurance, it will pay the payments as originally scheduled up to a maximum of $ N/A per month while the named insured is disabled as defined in the policy, subject to the minimum disability period and up to a maximum amount of $ N/A. If you have purchased Credit Life Insurance, it will pay the balance that would be owing if all payments as originally scheduled have been timely made as of the death of the named insured and the cause of death is not excluded, up to a maximum of $ N/A. The policies or certificates issued by the company will more fully describe all the terms and conditions.

I want: [ ] Credit Life (on Buyer's Life only)          [ ] Credit Disability (on Buyer only)

[ ] Joint Credit Life (on Buyer's and Co-Buyer's Lives)          [ ] Joint Credit Disability (on Buyer and Co-Buyer)

_____  
SIGNATURE

_____  
SIGNATURE

Guaranteed Auto Protection ("GAP") Agreement (Optional)

This GAP Agreement, or debt cancellation agreement, is not required to obtain credit and will not be provided unless you sign and agree to pay the cost indicated below.

This GAP Agreement is available from JM&A GAP (name of provider) of PO BOX 9410 DEERFIELD BEACH FL (provider's address) for the amount shown below. The contract or certificate issued by the provider will more fully describe all the terms and conditions of this GAP Agreement.

Term 60 months          Cost $ 500.00

Buyer and Co-Buyer want this GAP Agreement.          _____  Buyer          _____  Co-Buyer

This is not the Authorized User Copy.

Page 3

NOTICE: THE FOLLOWING APPLIES TO THE SALE OF A USED VEHICLE ONLY. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

AVISO: LO SIGUIENTE APLICA A LA VENTA DE UN VEHÍCULO USADO UNICAMENTE. LA INFORMACIÓN QUE USTED VE EN EL FORMULARIO DE LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA SUPEDITA CUALESQUIERA DISPOSICIONES CONTRARIAS EN EL CONTRATO DE VENTA.

SignatureDIRECTPAY AUTHORIZATION AGREEMENT (Not required. Please complete and sign if you want this option.)
You authorize and request us to initiate electronic debit entries or effect a charge by any other commercially accepted practice to your account at the financial institution (Bank) listed below, and you request and authorize the Bank to honor the debit entries initiated by us and debit each account. This authorization pertains to your payments described in this contract. The authority is to remain in force and effect until the schedule of payments is completed or until Bank and we have received written notification from you of its termination in such time and manner as to allow a reasonable opportunity to act. A voided check, including Bank name, branch address, and account number, is provided by you to us in order to arrange the debits or charges.

N/A

SIGNATURE/DATE (BUYER OR CO-BUYER)     SIGNATURE/DATE (BANK ACCOUNT OWNER OR JOINT OWNER)     BANK NAME

SEE ADDITIONAL TERMS AND CONDITIONS, INCLUDING DISCLAIMER OF WARRANTIES, WHICH ARE A PART OF THIS CONTRACT.

NOTICE: THIS CONTRACT CONTAINS AN ARBITRATION CLAUSE. PLEASE SEE BELOW.

The Annual Percentage Rate May Be Negotiable With The Dealer.

NOTICE TO THE BUYER - DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY SAVE A PORTION OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT WITH NO BLANK SPACES.

Buyer
sign here

Address 709 E 2ND ST, CARLISLE, AR
State          Zip     Phone 8706623855

Co-Buyer
sign here
Address
State          Zip     Phone

Seller's Name  NORTH LITTLE ROCK NISSAN        Seller's Address  5703 LANDERS RD, N LITTLE ROCK, AR 72117
By (X)                                         Title   F AND I

CONSUMER PAPER

This is not the Authoritative Copy.

EXHIBIT NO. 5 –

Plaintiff's Response to Defendant's Requests for Admission, *NCEP v. Daniel Adams*, District Court of Lonoke County, Carlisle Division, Case No. CRCV-15-7

*Daniel Adams v. NCEP, LLC, et al.*
U.S. District Court, Eastern District of Arkansas

Plaintiff's Verified Complaint

IN THE DISTRICT COURT OF LONOKE COUNTY, ARKANSAS
CARLISLE DIVISION

NCEP, LLC                                                          PLAINTIFF

VS.                              CASE NO.: CRCV-15-7

DANIEL ADAMS                                                     DEFENDANT

### PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, by and through its attorneys, Allen & Withrow, and for its Responses to the Defendant's Requests for Admission, states as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit Plaintiff is a debt collector.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that Plaintiff did not commence an action against Defendant within four (4) years after its cause of action accrued.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff did not commence an action against the Defendant within four (4) years of any partial payment or written acknowledgement of default.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Admit.

**REQUEST FOR ADMISSION NO. 4:**   Admit that Plaintiff did not commence an action against Defendant within five (5) years after its cause of action accrued.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Denied.


**REQUEST FOR ADMISSION NO. 5:**   Admit that Plaintiff did not commence an action against Defendant within five (5) years of any partial payment or written acknowledgement of default.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Denied.


**REQUEST FOR ADMISSION NO. 6:**   Admit that Defendant does not owe an unpaid total balance of $3,996.62 to Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** Denied.


Respectfully submitted,

NCEP, LLC,

By: _____
      Lori Withrow (98069)
      Colton Gregory (2013181)
      Gary J. Barrett (2000071)
      Attorneys for NCEP, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the above and foregoing has been sent via first-class mail on June $\underline{6^{th}}$ , 2016 to the following:

William T. Crowder
5507 Ranch Drive, Suite 202
Little Rock, AR 72223

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

_____

Lori Withrow (98069)
Colton Gregory (2013181)
Gary J Barrett (2000071)